UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: _____

MARIA ISABEL RODRIGUEZ,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE

    Defendant.
_____/

**NOTICE OF REMOVAL**

Defendant, NCL (Bahamas) Ltd., ("Norwegian"), removes the above-captioned civil action to the United States District Court for the Southern District of Florida under 9 U.S.C. § 205 and, in the alternative, 28 U.S.C. § 1441(a).

**Grounds for Removal**

**I.**  **Removal jurisdiction exists under the New York Convention.**

Norwegian will be moving to compel arbitration of Plaintiff's claims under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. §§ 201–08 ("the New York Convention"). The New York Convention covers commercial relationships between foreign seamen and cruise lines that have their principal place of business in the United States, such as Norwegian. *See* 9 U.S.C. § 202; *see also Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). Under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant may . . . remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." If the

basis for arbitration is not evident "on the face of the complaint," then the defendant may show the grounds "in the petition for removal." *See id.*

Plaintiff was indisputably a seaman on Norwegian's vessel, but Plaintiff has never been employed by Norwegian. *See* Compl., ¶¶ 8–9. Rather, Plaintiff had an employment agreement with OneSpaWorld, LLC, to work as a massage therapist onboard the *Norwegian Gateway*. *See* Exhibit 1 at 17. OneSpaWorld, in turn, contracts with Norwegian to operate spas and other amenities onboard.

Plaintiff's employment agreement with OneSpaWorld contains an arbitration provision that covers the claims raised here. *See* Exhibit 1 at 14 (stipulating that "any and all disputes" including claims under the "Jones Act" and claims for "unseaworthiness, maintenance and cure, [and] failure to provide prompt, proper and adequate medical care" "shall be resolved by final and binding arbitration"). Although Norwegian is not a signatory to that agreement, Norwegian should be able to enforce the arbitration agreement against Plaintiff. *See Usme v. CMI Leisure Mgmt., Inc.*, 106 F.4th 1079, 1087 (11th Cir. 2024) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)) ("[A] non-party to a contract may enforce its provisions 'through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'").

Three commonly applied exceptions exist. First, Norwegian was an intended beneficiary, as evidenced by it being expressly mentioned in the Employment Agreement. Second, "under agency or related principles," OneSpaWorld and Norwegian's relationship "is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." *See Liu v. Wu*, No. 23-21541-cv-WILLIAMS, 2024 WL 516960, *4 (S.D. Fla. Jan. 5, 2024) (citing *MS Dealer Serv. Corp. v.*

*Franklin*, 117 F.3d 942 (11th Cir. 1999)). And third, Plaintiff should be equitably estopped from avoiding the arbitration agreement on two grounds: (1) Plaintiff "relies on the terms" of her employment agreement by alleging Norwegian failed to pay maintenance and cure; and (2) Plaintiff raises claims that Norwegian and OneSpaWorld engaged in "substantially interdependent and concerted misconduct" through an alleged borrowed servant relationship. *See Usme*, 106 F.4th at 1087. Norwegian will provide a full memorandum of law to support these positions in its forthcoming motion to compel arbitration.

In conclusion, removal jurisdiction exists under Section 205 of the New York Convention because Norwegian should be able to enforce the arbitration agreement against Plaintiff as an intended beneficiary, through agency principles, or through equitable estoppel.

**II.     Alternatively, this case can be removed under 28 U.S.C. § 1441(a) because diversity and admiralty jurisdiction exist under 28 U.S.C. § 1332(a) and § 1333(1), respectively.**

The parties are completely diverse: Norwegian is a Bermudan corporation with its principal place of business in Florida, and Plaintiff is a citizen of Columbia. *See* Compl., ¶¶ 2–3 and Exhibit 1 at 1 (indicating Plaintiff is from Columbia). The amount in controversy exceeds $75,000.00; Plaintiff's claim that Norwegian failed to properly diagnose and treat her aplastic anemia could result in liability for more than $75,000.00 on its own, but the threshold is easily cleared once potential damages for maintenance and cure and attorneys' fees are added to the equation. *See* Compl., ¶ 57, ¶ 62, ¶ 69, ¶ 77. Because the amount in controversy exceeds $75,000.00 and the parties are diverse, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

The Court also has original jurisdiction through admiralty under 28 U.S.C. § 1333(1). Plaintiff alleges that the underlying claims arose while she was working as a crew member on a vessel in navigable waters. *See* Compl., ¶¶ 5–10. Because Plaintiff's claims arise from maritime

employment and from a maritime contract, admiralty jurisdiction exists. *See, e.g.*, *Nehring v. Steamship M/V Point Vail*, 901 F.2d 1044, 1048 (11th Cir. 1990) (analyzing when a contract can give rise to admiralty jurisdiction). And because this Court has original jurisdiction under admiralty, this case is removable under 28 U.S.C. § 1441(a). *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777–78 (S.D. Tex. 2013).

Jones Act claims, however, are generally unremovable even if diversity and admiralty jurisdiction are present. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 434, 455 (2001). But this rule comes with an exception: if a Jones Act claim has been fraudulently pled to avoid a federal venue, then removal should still be available. *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207–08 (5th Cir. 1993). This exception is applicable here because Norwegian was not Plaintiff's employer and, thus, cannot be liable to Plaintiff under the Jones Act.

If the Court reaches this issue, Norwegian will meet its burden in showing that OneSpaWorld was Plaintiff's only employer for purposes of the Jones Act. *See id.* (describing a defendant's burden in showing that a Jones Act claim has been fraudulently pled). In other words, if the Court declines to compel arbitration and then Plaintiff moves to remand this action, Norwegian will show that it was not Plaintiff's employer and that no facts adequately support a borrowed servant theory. *Compare* Compl., ¶¶ 11–12 (alleging Plaintiff was Norwegian's borrowed servant but providing no factual allegations in support) *with Demici v. Holland America Line N.V., LLC*, No. 20-61033-cv-SINGHAL, 2020 WL 13358612, *3 (S.D. Fla. Oct. 20, 2020) (dismissing Jones Act claims that were based on the borrowed servant doctrine because the plaintiff did not provide sufficient factual allegations to support that the plaintiff was under the control of the defendant-shipowner) *and Le Tran v. Celebrity Cruises, Inc.*, No. 12-24017-cv-MORENO, 2013 WL 2285546, *6 (S.D. Fla. May 23, 2013) (same).

4

## Grounds for Removal Under 28 U.S.C. § 1446

Norwegian satisfied the remaining requirements for removing a case under 28 U.S.C. § 1446. First, the United States District Court, Southern District of Florida, Miami Division is the correct venue as it is the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1446(a). The removal is timely because Norwegian was served with Plaintiff's Complaint on September 5, 2024. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant…). Finally, under 28 U.S.C. § 1446(a), Defendant attaches "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* Composite Exhibit 2.

## Conclusion

Norwegian removes this matter under 9 U.S.C. § 205 because these claims should be arbitrated pursuant to Plaintiff's employment agreement with OneSpaWorld. Alternatively, if the Court declines to compel arbitration, this action should remain in federal court under 28 U.S.C. § 1441(a) because this Court has admiralty and diversity jurisdiction.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone:   (305) 377-3770
Facsimile:   (305) 377-0080

By:   */s/ Garrett P. Keane*
      CURTIS J. MASE
      Florida Bar No. 478083
      cmase@maselaw.com
      GARRETT P. KEANE
      Florida Bar No. 1010256
      gkeane@maselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List by U.S. Mail and e-mail.

By: */s/ Garrett P. Keane*
GARRETT P. KEANE

## SERVICE LIST

Tonya J. Meister, Esq.
MEISTER LAW LLC.
9300 S. Dadeland Blvd., Suite 101
Miami, FL 33156
Telephone:     (305) 590-5570
Facsimile:     (305) 675-3787
Email: TonyaJMeister@aol.com