# COMPOSITE EXHIBIT 2

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>MARIA ISABEL RODRIGUEZ</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>NCL (BAHAMAS) LTD. a Bermuda Company</u>
Defendant

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Tonya J. Meister        Fla. Bar # 629243
      Attorney or party                (Bar # if attorney)

Tonya J. Meister              07/26/2024
  (type or print name)          Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.

MARIA ISABEL RODRIGUEZ

     Plaintiff,

v.

NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

     Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, MARIA ISABEL RODRIGUEZ, sues Defendant, NCL (BAHAMAS) LTD.

a Bermuda Company d/b/A NORWEGIAN CRUISE LINE, and states, as follows:

    1     This is an action for negligence seeking damages in excess of this Court's

minimum jurisdictional requirements, exclusive of interest and costs.

    2     Defendant, NCL (BAHAMAS) LTD. a Bermuda Company d/b/a

NORWEGIAN CRUISE LINE, at all times material hereto, personally or through an

agent:

        a.     Operated, conducted, engaged in, or carried on a business
                venture in this state and/or county or had an office or agency in
                this state and/or county;

        b.     Was engaged in substantial activity within this state;

        c.     Operated vessels in the waters of this state;

        d.     Committed one or more of the acts stated in Florida Statutes,
                Section 48.081, 48.181 or 48.193;

        e.     The acts of Defendants set out in this Complaint occurred in
                whole or in part in this county and/or state.

3      Defendant is a for profit corporation with its worldwide base of operations/corporate headquarters in the state of Florida.

4      Defendant is subject to the jurisdiction of the Courts of this state.

5      The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104 and the General Maritime Law of the United States.

6      At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel *Norwegian Getaway*.    This vessel was registered in a flag of convenience country.

7      At all times material hereto, the vessel was owned, operated, managed, maintained and/or controlled by Defendant.

8      On or about July 29, 2022, Plaintiff was a member of the vessel's crew.    The vessel was in navigable waters.

9      Plaintiff was a crew member in the position of Massage Therapist.

10     While working as a crew member on the vessel *Norwegian Getaway* Plaintiff was subject to the command of Defendant's captain and ship officers.

11     While working as a crew member on the vessel *Norwegian Getaway* Plaintiff was under the exclusive direction and control of Defendant.

12     At all times material hereto, Defendant was Plaintiff's borrowing employer.

13     While working on board the *Norwegian Getaway*, Plaintiff was entitled to receive free medical care at the ship's medical facility.

14     On or about July 29, 2022, while working onboard the ship as a massage therapist, Plaintiff developed an illness.

15      Plaintiff was entitled to receive prompt, proper and adequate medical care

2

from Defendant for the illness that manifested while she was in the service of the vessel.

16      While in the service of the vessel, Plaintiff developed symptoms including but not limited to: a throat infection, pain in her extremities, red eyes and swollen glands.

17      Plaintiff sought medical care for her illness at the ship's medical facility.

18      The ship doctor and other ship medical personnel in the ship's medical facility were acting within the course and scope of his/her/their employment with Defendant when they evaluated and treated Plaintiff.

19      The ship's doctor failed to properly diagnose and treat Plaintiff.

20      As a result of Defendant failing to provide prompt, proper and/or adequate medical care, Plaintiff's medical condition deteriorated.

21      Plaintiff returned to the ship's medical facility seeking medical help for her ongoing issues.

22      On or about December 18, 2022, Plaintiff developed bruising in various locations of her body.

23      The ship's doctor diagnosed failed to properly diagnose and treat Plaintiff.

24      Defendant failed to timely provide Plaintiff with shore side medical care.

25      When Plaintiff was finally provided shore side medical care it was determined that she was suffering with severe thrombocytopenia as well as anemia with leukopenia.

26      Plaintiff was ultimately diagnosed with aplastic anemia as well as other conditions.

27      Defendant's failure to provide Plaintiff with prompt, proper and/or adequate medical care resulted in a worsening of her condition, additional medical problems and damages.

28      Plaintiff was seen at a hospital in New York.

29      Plaintiff was hospitalized in Florida.

30      Defendant refused to provide Plaintiff with the recommended medical treatment in Florida.

31      Defendant required Plaintiff to return to her home country of Columbia for cheaper medical care.

32      Defendant selected and arranged Plaintiff's medical providers in Columbia.

33      Defendant failed to provide Plaintiff with timely and appropriate maintenance and cure benefits.

34      The Columbian medical providers, including but not limited to Oncology Center of Antioquia were substandard.

35      The Oncology Center of Antioquia's staff and nurses did not follow basic hygiene practices, including but not limited to:   sanitizing their hands or wearing gloves before they touched Plaintiff.

36      The Oncology Center of Antioquia took an excess amount of time to get the blood for Ms. Rodriguez' necessary blood transfusion resulting in her extended hospitalization.

37      When the blood finally arrived, the medical provider at Oncology Center of Antioquia failed to monitor her or check her vitals during the transfusion.

38      The Oncology Center of Antioquia medical provider's staff was confused and unaware of her prescribed medication schedule. The staff would enter her room and ask her what medication and the frequency she needed. Either the doctor did not provide the nurses/staff with that information or they were incompetent to follow the doctor's instructions.

39        The Oncology Center of Antioquia refused to provide Ms. Rodriguez with basic items, such as a clean cup of water to swallow her pills or shampoo or towels to dry herself after bathing.

40        When a fecal test was recommended, the Oncology Center of Antioquia's staff did not obtain the sample. Instead, they handed her a glove and a jar to do it herself.

41        The Oncology Center of Antioquia's nurses/staff were incompetent with needles. They repeatedly jabbed Plaintiff with needles while struggling to get a vein. This has caused her additional discomfort on multiple occasions.

42        The Columbian medical provider's began performing a colonoscopy before the injection of the sedative or anesthesia was provided.   The doctor began the procedure with her fully awake to feel the pain while the nurse continued to repeatedly jab her trying to get the medication in the vein.

43        The Oncology Center of Antioquia refused Ms. Rodriguez's requests for a copy of her own medical exams/images.

44        When the medical records were finally provided, the Columbian medical provider, Dr. Olaya, did not write accurate medical records. For example, Dr. Olaya left out many symptoms that Plaintiff reported to her.

45    The Columbian medical provider chosen by Defendant, Dr. Viviana Olayo Colorado, tried to pressure Ms. Rodriguez to proceed with the bone marrow transplant without allowing the time for the medication to work as recommended by the US doctors.

46    Defendant failed to authorize and/or provide all of the recommended medical care.

47    Defendant provided Plaintiff with an insufficient amount of maintenance

5

(money for food and lodging).

48      Defendant prematurely terminated Plaintiff's maintenance (money for food and lodging) and cure (medical care).

49      Plaintiff is not at the point of maximum medical improvement or maximum cure for her medical conditions.

50      Defendant's premature termination of Plaintiff's maintenance and cure has caused her additional damages.

51      Plaintiff continues to suffer with aplastic anemia and other medical conditions.

52      Plaintiff needs additional medical care to improve her conditions.

53      Despite Plaintiff's multiple requests, Defendant has failed to provide her with the recommended medical care.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through 53 as though they were originally alleged herein and further alleges:

54      It was the duty of Defendant to provide Plaintiff with a safe place to work.

55      Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents, servants, and/or employees as follows:

a.   Failure to use reasonable care to provide and maintain a proper and adequate crew and equipment;

b.   Failure to use reasonable care to provide Plaintiff a safe place to work;

c.   Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

d.   Failure to use reasonable care to provide Plaintiff a safe place to work due to:

6

- Failed to provide Plaintiff with prompt, proper and adequate medical care; and/or

- Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation, all of which caused the Plaintiff to be injured.

e. Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

f. Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused her additional pain and disability;

g. Defendant failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care;

h. Defendant failed to properly medically manage Plaintiff's medical care after Plaintiff developed the illness;

i. At all times material hereto, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed modify the hazard and failed to properly warn Plaintiff of the hazard.   In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual.   All of the above caused the Plaintiff to be injured.

56      Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

57     As a result of the negligence and recklessness of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired.   The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled to by law, attorney's fees, prejudgment and post-judgment interest, costs and demands jury trial of all issues so triable.

## COUNT II
## UNSEAWORTHINESS

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through 53 as though they were originally alleged herein and further alleges:

58     On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

59     At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant.

60     Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

8

61      On or about the previously stated date the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

   a.  The vessel was unsafe and unfit due to the conditions created by Defendant as follows:

      -  Failed to provide Plaintiff with prompt, proper and adequate medical care; and/or

      -  Any and all other acts or omissions constituting a breach of Defendant's duty to use reasonable care discovered during litigation, all of which caused the Plaintiff to be injured.

   b.  The vessel's crew was not properly trained, instructed or supervised;

   c.  The vessel did not have a fit crew;

62      As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired.   The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.   In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled to by law, attorney's fees, prejudgment and post-judgment interest, costs and demands jury trial of all issues so triable.

**COUNT III**
**FAILURE TO PROVIDE MAINTENANCE AND CURE**

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through 53 as though they were originally alleged herein and further alleges:

63      On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

64      Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure form Defendant, until she is declared to have reached maximum possible cure.   This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage, whichever is longer.

65      Defendant failed to provide Plaintiff with prompt, proper and adequate medical treatment for her illnesses developed while in the service of the vessel.

66      Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.    In addition Defendant is late in paying the maintenance and cure.

67      Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United Stated.    Further Defendant's unreasonable failure to pay or provide maintenance and cure caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability,

pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past in into the future.

68      Defendant's breaches of its non-delegable duty to provide maintenance and cure to Plaintiff were willful and wanton, such that Plaintiff will seek to amend this Complaint to add a claim for punitive and exemplary damages against Defendant.

69      Due to Defendant's breach of its non-delegable duty to provide maintenance and cure, Plaintiff is entitled to recover his attorneys' fees from Defendant.

WHEREFORE, Plaintiff demands all damages entitled to by law, attorney's fees, prejudgment and post-judgment interest, costs and demands jury trial of all issues so triable.

### COUNT IV
### FAILURE TO TREAT

Plaintiff realleges, incorporates by reference, and adopts paragraphs one through 53 as though they were originally alleged herein and further alleges:

70      On or about the previously stated date, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew.    The vessel was in navigable waters.

71      It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

72      Defendant through the ship's physicians, and/or shore side physicians and nurses negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.    This conduct includes, but is not limited to:

a.  Defendant not giving Plaintiff medical care in a timely manner after her initial injury, and/or;

b.  Defendant not providing Plaintiff with prompt, proper and adequate medical care, and/or;

c.  Defendant prematurely terminating Plaintiff's medical care, and/or;

d.  Any and all other acts or omissions constituting a breach of Defendant's duty to use reasonable care discovered during litigation, all of which caused the Plaintiff to be injured.

73      As a direct and proximate result of Defendant's failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.

74      In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

75      This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F.2d 676 (10th Cir. 1981), which stated, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are

awardable].”

76      Due to Defendant's willful and reckless failure to treat Plaintiff's medical conditions, and due to Defendant's provision of substandard medical care in reckless disregard of Plaintiff's rights, Plaintiff will seek to amend this Complaint to add a claim for punitive and exemplary damages against Defendant.

77      Due to Defendant's breaches of its non-delegable duty to provide prompt medical attention, Plaintiff is entitled to an award of attorneys' fees against Defendant.

WHEREFORE, Plaintiff demands all damages entitled to by law, attorney's fees, prejudgment and post-judgment interest, costs and demands jury trial of all issues so triable.

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff, MARIA ISABEL RODRIGUEZ, demands a trial by jury of all issues so triable as a matter of right.

MEISTER LAW, LLC
9300 S. Dadeland Blvd., Suite 101
Miami, FL 33156
Phone: (305) 590-5570
Fax: (305) 675-3787
*Attorney for Plaintiff*

BY: <u>s/TonyaJMeister</u>
        TONYA J. MEISTER
        FLORIDA BAR NO.: 0629243

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:   2024-014086-CA-01

MARIA ISABEL RODRIGUEZ

      Plaintiff,

v.

NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

      Defendants
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on defendant: NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

By serving:          Daniel S. Farkas, Esq.
                    7665 Corporate Center Drive
                    Miami, FL 33126
As registered agent

Each Defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorneys, to wit: Tonya J. Meister, Esquire, MEISTER LAW, LLC
9300 S. Dadeland Blvd., Suite 101, Miami, FL 33156   (305) 590-5570.

within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and the seal of said Court on_____.

                    JUAN FERNANDEZ-BARQUIN
                    as Clerk of said Court

                    by: _____
                          as Deputy Clerk
                          (Court Seal)

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:   2024-014086-CA-01

MARIA ISABEL RODRIGUEZ

      Plaintiff,

v.

NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

      Defendants

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on defendant: NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

By serving:          Daniel S. Farkas, Esq.
                  7665 Corporate Center Drive
                  Miami, FL 33126
As registered agent

Each Defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorneys, to wit: Tonya J. Meister, Esquire, MEISTER LAW, LLC
9300 S. Dadeland Blvd., Suite 101, Miami, FL 33156   (305) 590-5570.

within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and the seal of said Court on___8/21/2024_____.

                        JUAN FERNANDEZ-BARQUIN
                        as Clerk of said Court

                              /36565

by: _____

                        as Deputy Clerk
                        (Court Seal)



## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2024-014086-CA-01

Plaintiff:
**MARIA ISABEL RODRIGUEZ**

vs.

Defendant:
**NCL (BAHAMAS) LTD. a Bermuda Company**
**d/b/a NORWEGIAN CRUISE LINE,**

For:
Tonya Meister-Griffith
MEISTER LAW, LLC
9300 S. Dadeland Blvd
Suite 101
Miami, FL 33156

Received by DLE Process Servers, Inc on the 4th day of September, 2024 at 3:40 pm to be served on **NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE; c/o Daniel S. Farkas, Esq, 7300 Corporate Center Drive, Miami, FL 33126**.

I, Rafael Perez, do hereby affirm that on the **5th day of September, 2024** at **12:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Demand for Jury Trial, Civil Cover Sheet.** with the date and hour of service endorsed thereon by me, to: **Marlena Delgado** as **Employee Authorized** for **NCL (BAHAMAS) LTD**, at the address of: **7665 Corporate Center Drive, Miami, FL 33126**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good  standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are  true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2024056706

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

| DELIVERED | 9/5/2024 12:25 PM |
| SERVER | RP |
| LICENSE | Certified P.S.10017 |

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:   2024-014086-CA-01

MARIA ISABEL RODRIGUEZ

      Plaintiff,

v.

NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

      Defendants

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on defendant: NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

By serving:        Daniel S. Farkas, Esq.
                    7665 Corporate Center Drive
                    Miami, FL 33126
As registered agent

Each Defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorneys, to wit: Tonya J. Meister, Esquire, MEISTER LAW, LLC
9300 S. Dadeland Blvd., Suite 101, Miami, FL 33156   (305) 590-5570.

within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and the seal of said Court on_____8/21/2024_____.

                    JUAN FERNANDEZ-BARQUIN
                    as Clerk of said Court

                    /36565

        by: _____
                    as Deputy Clerk
                    (Court Seal)

## RETURN OF SERVICE

**State of Florida**          **County of Miami-Dade**                    **Circuit Court**

Case Number: 2024-014086-CA-01

Plaintiff:
**MARIA ISABEL RODRIGUEZ**

vs.

Defendant:
**NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,**

For:
Tonya Meister-Griffith
MEISTER LAW, LLC
9300 S. Dadeland Blvd
Suite 101
Miami, FL 33156

Received by DLE Process Servers, Inc on the 4th day of September, 2024 at 3:40 pm to be served on **NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE; c/o Daniel S. Farkas, Esq, 7300 Corporate Center Drive, Miami, FL 33126**.

I, Rafael Perez, do hereby affirm that on the **5th day of September, 2024** at **12:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Demand for Jury Trial, Civil Cover Sheet.** with the date and hour of service endorsed thereon by me, to: **Marlena Delgado** as **Employee Authorized** for NCL (BAHAMAS) LTD, at the address of: **7665 Corporate Center Drive, Miami, FL 33126**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good  standing,in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are  true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

_____

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705**

Our Job Serial Number: DLE-2024056706

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Case 1:24-cv-23695-BB   Document 1-2   Entered on FLSD Docket 09/25/2024   Page 23 of 23

| DELIVERED | 9/5/2024 12:25 PM |
|---|---|
| SERVER | RP |
| LICENSE | Certified P.S.10017 |

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:   2024-014086-CA-01

MARIA ISABEL RODRIGUEZ

      Plaintiff,

v.

NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

      Defendants
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on defendant: NCL (BAHAMAS) LTD. a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE,

By serving:        Daniel S. Farkas, Esq.
                  7665 Corporate Center Drive
                  Miami, FL 33126
As registered agent

Each Defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorneys, to wit: Tonya J. Meister, Esquire, MEISTER LAW, LLC
9300 S. Dadeland Blvd., Suite 101, Miami, FL 33156   (305) 590-5570.

within 20 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or
petition.

WITNESS my hand and the seal of said Court on_____.
                                   8/21/2024

                        JUAN FERNANDEZ-BARQUIN
                        as Clerk of said Court

                                 / 36565
by: _____
                          as Deputy Clerk
                          (Court Seal)

